IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-MC-00006-RJ

| | | |
|---|---|---|
| ELDER DEFORRORRORA LOCUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| JUDGE LOUISE W. FLANAGAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Elder DeForrorrora Locust's response to the court's November 19, 2015 deficiency order. [DE-4]. On November 12, 2015, Plaintiff filed several documents with the court. [DE-1]. Upon review of the documents, the court identified the following deficiencies: (1) the submission was difficult to understand, i.e., the identity of the parties he seeks to sue and the precise nature of his claims were unclear; and (2) Plaintiff failed to pay the filing fee or request leave to proceed *in forma pauperis*. Nov. 19, 2015 Order [DE-3]. The court ordered Plaintiff to: (1) "file an amended complaint that complies with the applicable rules . . . and specifically articulate[s] the nature of this Court's jurisdiction and of Plaintiff's claims for relief" and (2) pay the filing fee or file an application to proceed *in forma pauperis*, cautioning that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute and for failure to comply with an order of court." *Id.* Plaintiff was also provided with a copy of the form complaint for *pro se* litigants. *Id.*

In response to the court's order, Plaintiff appeared in the Clerk's Office in Greenville, North Carolina with several pages of documents and a receipt for a money order for $455.00. [DE-5]. Plaintiff made statements regarding having filed documents in Washington, D.C., and

the Deputy Clerk attempted to ascertain what Plaintiff was attempting to file and whether he was filing in the correct court. *Id.* Plaintiff left the documents, but not the receipt, in the Clerk's Office without waiting for a stamped copy and before the Deputy Clerk was clear as to the nature of his filing or whether he was filing in the correct court. *Id.* Those documents were then filed in this case as a response to the court's November 19, 2015 Order. [DE-4].

The documents filed in response to the court's prior order are no more clear than Plaintiff's original filing and fail to address any of the identified deficiencies. It appears Plaintiff may be attempting to file his documents in a case that was previously opened in Washington, D.C., where he contends he paid the filing fee. [DE-4] at 4, 5, 9; [DE-9] at 1. However, filings must be made in the court in which the case is pending and, as such, Plaintiff may not file documents in the Eastern District of North Carolina that are intended to be filed in a case in Washington, D.C. Furthermore, to the extent Plaintiff is trying to file a new case here, he has not paid the requisite filing fee, sought *in forma pauperis* status, or amended his complaint to clearly articulate his claims. Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part that "[i]f the plaintiff fails to prosecute or . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) does not itself provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order." *United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631-33 (1962); *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976)). Accordingly, Plaintiff has failed to comply with the court's November 19, 2015 Order and it is recommended that the case be dismissed pursuant to Rule 41(b).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **May 12, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SUBMITTED, this the 28 day of April 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge