IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-MC-6-BO

| | |
|---|---|
| ELDER DEFORRORRORA LOCUST,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | ) 　　**O R D E R**<br>) |
| JUDGE LOUISE W. FLANAGAN,<br>　　　Defendant. | )<br>)<br>) |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr., pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). [D.E. 14]. The Court ADOPTS the M&R.

## BACKGROUND

On November 12, 2015, plaintiff filed a complaint and several other documents in the Eastern District of North Carolina. [DE 1]. Having reviewed the filings, Magistrate Judge Robert T. Numbers, II, issued an order identifying the following deficiencies: (1) the submission was difficult to understand, *i.e.*, the identity of the parties he seeks to sue and the precise nature of his claims were unclear; and (2) Plaintiff failed to pay the filing fee or request leave to proceed *in forma pauperis*. [DE 3]. Consequently, plaintiff was ordered to: (1) "file an amended complaint that complies with the applicable rules . . . and specifically articulate[s] the nature of this Court's jurisdiction and of Plaintiff's claims for relief" and (2) pay the filing fee or file an application to proceed *in forma pauperis*, cautioning that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute and for failure to comply with an order of court." *Id.* Plaintiff was also provided a copy of the form complaint for *pro se* litigants. *Id.*

On December 4, 2015, plaintiff appeared in person at the Greenville, North Carolina, clerk's office with documents in hand for filing and a $455 receipt for a money order. [DE 5]. Plaintiff made statements regarding having filed documents in Washington, D.C., and the deputy clerk assisting him attempted to ascertain what he was attempting to file and whether he was filing in the correct court. *Id.* Plaintiff left the documents, but not the receipt, without waiting for a stamped copy and before the deputy clerk was clear as to the nature of his filing or whether he was filing in the correct court. *Id.* Those documents were then filed in this case as a response to the November 19, 2015 order. [DE 4].

The matter was then reassigned to Magistrate Judge Robert B. Jones, Jr., who issued an M&R. In the M&R, Magistrate Judge Jones evaluated plaintiff's filings, found that the shortcomings remained, and recommended that, as a result, the instant matter be dismissed pursuant to Federal Rule of Civil Procedure 41(b), as plaintiff failed to comply with Magistrate Judge Numbers's earlier order. [DE 14].

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); *see* 28 U.S.C. 636(b). Absent timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quotation omitted).

Here, despite being warned as to the consequences, plaintiff made no objection to the M&R.

2

Having considered the M&R and record, the Court is satisfied that there is no clear error on the face of the record and accepts the Magistrate Judge's recommendation.

## CONCLUSION

The court ADOPTS the Magistrate Judge's M&R. [DE 14]. Accordingly, this matter is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b). In light of the foregoing, plaintiff's motion for default judgment is DENIED AS MOOT. [DE 9]. The clerk is DIRECTED to close the case.

SO ORDERED, this _17_ day of June, 2016.

/s/ Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE